# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY E. RECTOR, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19−cv−00659−NJR |
| DAVID H. SEARBY, JR., and JAYSON CLARK, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Stanley Rector, Jr. brings this action pursuant to 42 U.S.C. § 1983[1] seeking dismissal of criminal charges pending in state court and monetary damages. The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## Complaint

Plaintiff sets forth the facts and his claims in the Complaint as follows: David H. Searby, Jr., the Perry County State Attorney, presented a deal to his Perry County Public Defender regarding charges in Jackson County. (Doc. 1, pp. 1, 6). Searby did not consult with Plaintiff or his Jackson County Public Defender, Margerett Degen. (Doc. 1, p. 6). Degen did not know Plaintiff

---

[1] Plaintiff drafted the Complaint using the standard Southern District of Illinois *pro se* civil rights complaint form. The pleading fails to indicate whether he is pursuing relief under 42 U.S.C. § 1983, the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680, or some other law. Plaintiff states his mailing address as the Perry County Jail. The Complaint names government officials as defendants. Thus the Court will treat Plaintiff's Complaint as an attempt to bring a claim pursuant to Section 1983.

was detained in the Perry County jail and believed he was a fugitive. *Id.* Plaintiff missed a court date in Jackson County. *Id.* Degen appeared but was not informed Plaintiff was in custody. *Id.* There was no information release form signed allowing these actions to take place. *Id.*

Based on the allegations in the Complaint, the Court designates the following counts:

Count 1: Defendant Searby offered a deal to Plaintiff's Perry County Public Defender on Plaintiff's Jackson County charges without informing Plaintiff or Plaintiff's Jackson County Public Defender.

Count 2: Defendants failed to inform Plaintiff's Jackson County Public Defender that he was in the Perry County jail and he missed a court date in Jackson County.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under** ***Twombly***.[2]

### Discussion

"Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009); *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Whether an individual "is protected by absolute prosecutorial immunity depends on the type of work he performed and the factual premises of the plaintiffs' claims" because a "prosecutor only enjoys

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

absolute immunity insofar as he is 'act[ing] within the scope of his prosecutorial duties.'" *Id.* at 318 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Here, the Complaint relates to conduct during the judicial phase of the criminal process and the State's Attorneys would be entitled to absolute immunity. Accordingly, Searby and Clark will be dismissed. Although the current claim does not indicate any exception to prosecutorial immunity, out of an abundance of caution, the dismissal will be without prejudice.

Further, the facts, as Plaintiff has alleged them, do not rise to the level of a colorable constitutional claim cognizable via a Section 1983 action. As a result, the Complaint will be dismissed for failure to state a claim upon which relief may be granted. [3] The dismissal is without prejudice, and Plaintiff is granted leave to amend.

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive preliminary review under 28 U.S.C. § 1915A, and the Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **DAVID H. SEARBY, JR.** and **JAYSON CLARK** are **DISMISSED** without prejudice from the action. The Clerk of Court is **DIRECTED** to **TERMINATE** Defendants in the Court's Case Management/Electronic Case Filing (CM/ECF)

---

[3] To the extent Plaintiff seeks the Court's intervention into his pending state criminal proceedings, the abstention doctrine is implicated. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court announced the abstention doctrine. The doctrine discourages federal courts from taking jurisdiction over federal constitutional claims when doing so would interfere with pending state court proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Specifically, under the abstention doctrine, federal courts must refrain from interfering in ongoing state proceedings that are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The Court need not address this issue at this time because the Complaint fails to raise a colorable claim against any named defendants.

system.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 27, 2019**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claim. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District for such actions. He should label the form "First Amended Complaint," and state the case number, 19-cv-00659-NJR. To enable Plaintiff to comply with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is subject to review under Section 1915(e)(2).

Plaintiff is further **ADVISED** that the obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change

in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 7/30/2019**

                                              */s/ Nancy J. Rosenstengel*

                                              **NANCY J. ROSENSTENGEL**
                                              **Chief U.S. District Judge**