**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **STANLEY E. RECTOR, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19−cv−00659−NJR** |
| | ) | |
| **DAVID H. SEARBY, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiff Stanley Rector, Jr. filed this action seeking dismissal of criminal charges pending in state court and monetary damages pursuant to 42 U.S.C. § 1983. (Doc. 1). The Complaint did not survive screening because Rector failed to state a claim for relief, and on July 30, 2019, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc. 10). Rector was granted leave to file a First Amended Complaint on or before August 27, 2019. (Doc. 10, p. 6). Rector failed to file a First Amended Complaint, and the case was dismissed with prejudice on September 5, 2019. (Doc. 11).

Subsequently, the Court discovered that Rector had filed a Complaint making the same allegations made in this case that had been opened as a new case. *Rector v. Searby*, No. 19-cv-00877-NJR (S.D. Ill. filed Aug. 12, 2019) ("Case 19-877"). The Court surmised that Rector intended to file the Complaint used to open Case 19-877 as the First Amended Complaint in this case. The Court closed case 19-877 and reopened this case for consideration of the First Amended Complaint.

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out

nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### First Amended Complaint

In the Section 1915A review of the original Complaint, the Court designated the following two counts:

| | |
|---|---|
| Count 1: | Defendant Searby offered a deal to Plaintiff's Perry County Public Defender on Plaintiff's Jackson County charges without informing Plaintiff or Plaintiff's Jackson County Public Defender. |
| Count 2: | Defendants failed to inform Plaintiff's Jackson County Public Defender that he was in the Perry County jail and he missed a court date in Jackson County. |

In the First Amended Complaint, Rector restates Counts 1 and 2 and then states "[t]his took place at the Perry County Courthouse on or about April 15, 2019." (Doc. 17, p. 6.). No additional facts are alleged. The only other difference between the Complaint and the First Amended Complaint is that Rector no longer requests dismissal of the charges and monetary damages. Instead, he asks the Court "to make the defendant aware of his wrong doings and any punishment to be at the discretion of the Courts." (*Id.*, p. 7).

### Discussion

As with the Complaint, the facts alleged in the First Amended Complaint do not rise to the level of a colorable constitutional claim cognizable via a Section 1983 action. "Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341–43, 129 S.Ct. 855, 172 L.Ed.2d 706 (2009); *Burns v.*

*Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Whether an individual "is protected by absolute prosecutorial immunity depends on the type of work he performed and the factual premises of the plaintiffs' claims" because a "prosecutor only enjoys absolute immunity insofar as he is 'act[ing] within the scope of his prosecutorial duties.'" *Id.* at 318 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). Here, the allegations relate to conduct during the judicial phase of the criminal process and Searby would be entitled to absolute immunity. Accordingly, the First Amended Complaint will be dismissed for failure to state a claim for relief.

The Court must once again consider whether to allow Rector to submit an amended complaint in an effort to state a viable claim. Leave to amend a complaint need not be granted when an amendment would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994); *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given "unless it is certain from the face of the complaint that any amendment would be futile"). Rector's First Amended Complaint is nothing more than a restatement of his original Complaint that was dismissed for failure to state a claim for relief. Under the facts of the case, the Court finds that leave to amend would be futile and, therefore, Rector will not be given another opportunity to amend.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint does not survive preliminary review under 28 U.S.C. § 1915A, and this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **This dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**.

3

Rector is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Rector wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Rector plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Rector chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Rector may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

**DATED:  October 15, 2019**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**